**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MALIHA AZMAT,
          Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,
          Agency.

DOCKET NUMBER
PH-0432-12-0020-C-1

DATE: December 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathaniel D. Johnson, Esquire, White Plains, Maryland, for the appellant.

Lorna J. Jerome, Esquire, Washington, D.C., for the agency.

Melissa Sidebottom, Esquire, Baltimore, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, AFFIRM the initial decision, and FORWARD the appellant's new allegation of noncompliance to the Northeastern Regional Office for docketing as a petition for enforcement.

## BACKGROUND

¶2      The agency removed the appellant from her position as a GS-06 Secretary, effective September 23, 2011, for unacceptable performance. MSPB Docket No. PH-0432-12-0020-I-1, Initial Appeal File (IAF), Tab 1 at 9-12. The appellant appealed her removal to the Board, and the parties reached a settlement agreement resolving the appeal. IAF, Tabs 1, 30. Pursuant to the terms of the settlement agreement, the agency agreed to, among other things, "[p]rocess a clean [Standard Form (SF)] 50 indicating that [the] Appellant voluntarily resigned from the Agency on September 23, 2011[,] for personal reasons"; "[r]escind [the] Appellant's removal and remove all documents relating to this action from [the] Appellant's [official personnel file (OPF)]"; and "[p]rovide neutral references to prospective employers through Human Resources." IAF, Tab 30 at 4. The neutral reference was to include only the "date of hire, date of resignation, nature of resignation, salary and grade level." *Id.* In an initial decision dismissing the case as settled, the administrative judge found that the settlement agreement was

lawful, freely reached, and understood by the parties, and entered it into the record for purposes of enforcement by the Board. IAF, Tab 31, Initial Decision at 2.

¶3　　On February 16, 2014, the appellant filed a petition for enforcement alleging that the agency had breached the settlement agreement by failing to "remove adverse performance documents from her official personnel file." MSPB Docket No. PH-0432-12-0020-C-1, Compliance Appeal File (CAF), Tab 1 at 7. The appellant subsequently clarified that the agency failed to remove from her OPF a SF-50 evidencing a September 26, 2010 decision to deny her a within-grade increase (WIGI) because her work was "not at an acceptable level of competence." CAF, Tab 6 at 8-10, Tab 13 at 26. According to the appellant, she received a tentative offer of employment from the National Institute on Aging (NIA) in December 2013; however, the NIA subsequently declined to hire her after receiving her OFP containing the WIGI denial. CAF, Tab 1 at 9, Tab 6 at 8-10. After holding a hearing, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CAF, Tab 25, Compliance Initial Decision (CID). The administrative judge found that the settlement agreement was not ambiguous and did not require the agency to expunge any and all derogatory information contained in the appellant's OPF, just the removal action and all references to the appellant's removal. CID at 5.

¶4　　The appellant has filed a petition for review in which she argues that the administrative judge erroneously concluded that the settlement agreement was unambiguous, the settlement agreement did not require the agency to remove all derogatory materials from her OPF, and the SF-50 evidencing the WIGI denial was not related to her removal. Petition for Review (PFR) File, Tab 1 at 6-15. The appellant further contends on review that the administrative judge improperly excluded certain witnesses from testifying at the hearing. *Id*. at 4-5. The agency has filed an opposition to the appellant's petition. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     A settlement agreement is a contract, and, as such, will be enforced in accord with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  The Board will enforce a settlement agreement which has been entered into the record in the same manner as a final Board decision or order.  *Id.*  Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance.  *Id*.  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id*.  In interpreting a settlement agreement, the Board looks to the language used by the parties, and will not interpret the language in a way that unilaterally modifies the agreement's material terms.  *See, e.g*., *Zamora v. Department of Defense*, 58 M.S.P.R. 544, 546 (1993).

¶6     The appellant's assertion that the administrative judge erred in finding that the agency's failure to purge her OPF of the WIGI denial did not violate the settlement agreement is without merit.  In relevant part, the settlement agreement provides that the agency will "[r]escind [the] Appellant's removal and remove all documents relating to this action from [the] Appellant's OPF."  IAF, Tab 30 at 4.  It does not mention anything about expunging documents relating to the denial of appellant's WIGI.  *See id*. As such, we find that the administrative judge correctly found that this provision unambiguously requires the agency to purge the appellant's OPF solely of all documents relating to the proposed removal and removal action.  Further, we find that the SF-50 evidencing the WIGI denial does not constitute a document relating to the removal action.  The WIGI denial was not a basis for the appellant's removal, the agency did not consider it as an aggravating factor, and it was not referenced in the proposal notice or the decision letter.  CAF, Tab 14 at 4-14.  Accordingly, we find that the administrative judge properly found that the agency had no obligation under the

settlement agreement to expunge documents relating to the denial of the appellant's WIGI.

¶7     The appellant's argument that the settlement agreement constitutes a clean record settlement agreement in which all derogatory information was to be removed from her OPF is similarly misplaced.  A clean record (i.e., replacement of the SF–50 showing a removal with one showing that the appellant resigned and expungement of all references to the removal in her OPF) means that the agency must return one's personnel record "to its former state" prior to the effected adverse action.  *See, e.g.*, *Allen*, 112 M.S.P.R. 659, ¶ 8; *Torres v. Department of Homeland Security*, 110 M.S.P.R. 482, ¶ 10 (2009).  In purging the removal decision, notice of proposed removal, and all references to the removal from the appellant's OPF, the agency complied with the terms of the settlement agreement entered into by the parties in this appeal.  *See* CAF, Tab 4, Subtab 4b.

¶8     Lastly, the appellant contends that the administrative judge improperly excluded certain NIA witnesses who would have testified that NIA revoked the appellant's tentative job offer after receiving the WIGI denial contained in the appellant's OPF.  PFR File, Tab 1 at 4-5.  Even assuming that the administrative judge improperly excluded this evidence, we find that the appellant's rights were not prejudiced because such testimony would not have resulted in a different outcome where the administrative judge properly found that the agency's failure to remove the WIGI denial from the appellant's OPF was not a breach of the settlement agreement.  As such, we find no basis for reversal.[2]  *See Panter v. Department of the Air Force,* 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9     On review, the appellant also submits a declaration and an email from an individual at NIA which she contends constitute new and material information

---

[2] In light of our disposition, we do not reach the issue of the timeliness of the appellant's petition for review.

that establishes that the agency breached the settlement agreement by failing to provide a neutral reference for her with respect to her application for a position with the NIA.  PFR File, Tab 1 at 16-17.  The record below reflects that in her petition for enforcement and the proceedings below, the appellant alleged that the agency breached the settlement agreement by failing to remove adverse information from her OPF.  The appellant did not raise any claim of noncompliance due to the agency's alleged failure to provide a neutral reference. The Board has held that an issue concerning the interpretation of a settlement agreement enforceable by the Board, and whether the agency has breached the agreement, is properly addressed by the administrative judge in the first instance. *Rivera v. U.S. Postal Service*, 107 M.S.P.R. 542, ¶ 10 (2007).  We therefore FORWARD to the Northeastern Regional Office for docketing as a new petition for enforcement the appellant's allegation that the agency breached the settlement agreement by failing to provide her with a neutral reference.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:         _____

                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.